## McCLURE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6344.

Circuit Court of Appeals, Fifth Circuit.
Feb. 29, 1932.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Norman Keller and Sewall Key, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John D. Foley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals sustaining a deficiency assessment against the estate of Nathaniel D. McClure, deceased. The Commissioner of Internal Revenue, in determining the amount of the assessment, included in the value of the estate the value of certain stock of the McClure Pine Company which within two years prior to his death

McClure had given and transferred to his children.

The Revenue Act of 1924 imposes an estate tax upon the transfer of the net estate in excess of $50,000 of every decedent dying after its passage. Section 301 (a), 43 Stat. 303 (26 USCA § 1092 note). The value of the gross estate is determined by including the value at the time of death of all property to the extent of the interest therein of which the decedent has at any time made a transfer "in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death." Section 302 (c) of the act (26 USCA § 1094 note).

The Board in its opinion stated the facts at length and held that the petitioner had not sustained the burden of overcoming the statutory presumption, but that such presumption was rather strengthened by the circumstances attending the distribution of the stock and the withdrawal of the deceased from active participation in the lumber business, and by evidence which in its opinion showed that McClure had been suffering for several years from diabetes and for a considerable time from heart trouble. 20 B. T. A. 1127. The petitioner, administrator of the estate, contends that the value of the stock should have been excluded from consideration in arriving at the value of the estate to be taxed, on the ground that the transfer was not made by the deceased in contemplation of death. An additional contention made before the Board, to the effect that, as the transfer occurred prior to the passage of the Revenue Act of 1924, under which the assessment was made, the property conveyed was not subject to the tax imposed by that act, is abandoned here in view of the decision of the Supreme Court in Milliken v. United States, 283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809.

To sustain the burden of overcoming the statutory presumption and the circumstances relied on by the Board in support thereof, stress is laid upon the facts that in 1921 the decedent purchased and improved a home in Mobile at a cost of $18,000, that in February, 1922, he bought a Packard automobile, and, although for several years prior to his death he had been on a diet to check the disease of diabetes, that he was not confined to his bed, but was able to visit the sawmill and direct the management of the lumber business in which he had been engaged for many years. It is argued also that the evidence was insufficient to support the finding of the Board that the deceased had been suffering at the time of the transfer from heart trouble. We are of opinion that it cannot be said that the evidence relied on by petitioner is sufficient to overturn the Board's findings of fact. There can be no question that the stock which decedent transferred to his children within a year of his death represented a material part of his property. Its net value was conceded to be $196,000. The net value of the remainder of the estate was only $140,000, in which was included the home at $18,000 and $30,000 of life insurance. The decedent by the distribution of stock had equalized advances and loans previously made to his children. It was not inconsistent with an intention to make final disposition and equal distribution among his children of more than half of his property that he kept for himself and his wife, and perhaps for the children also, the home in Mobile and about $90,000 in money over and above his life insurance. The purchase of an automobile to take the place of one that had been wrecked was made for the convenience of his family as well as of himself, and considering his financial condition was an act of such little significance as to be hardly worthy of mention. The decedent was 71 years old when he gave his stock to his children, and was not in good health. Considering his age and ill health and the equal division of his stock among his children, it is not a forced but a natural presumption that the motive which actuated him in the disposition of his property was the thought of death. United States v. Wells, 283 U. S. 102, 51 S. Ct. 446, 75 L. Ed. 867. Whether or not at that time he was afflicted with heart trouble is not very material, although it was within the power of the petitioner to offer more satisfactory proof on that subject. One of his sons who saw him "every week or two" said that the condition of his health seemed to be as good as usual, and did not think that the physician who certified that he died from chronic myocarditis had attended him before his last illness; but in the nature of things he could not be sure about that. Neither the widow nor the physician who gave the certificate was called as a witness, although both were living in Mobile at the time the trial occurred there. Some objection is made to the refusal of the

trial court to admit proof of the cost of improving the home after it was bought in 1921; but, since the admitted value included the cost of such improvement, any error involved in the ruling was harmless. Our conclusion is that on the whole it cannot be said that the evidence for petitioner was entitled to more weight than that opposed to it, and that the presumption of the statute was not successfully rebutted.

The petition for review is denied.