## HUMPHREY'S ESTATE v. COMMISSION-ER OF INTERNAL REVENUE.

### No. 11920.

Circuit Court of Appeals, Fifth Circuit.

July 2, 1947.

R. B. Cannon, of Fort Worth, Tex., for petitioner.

Carlton Fox and Lee A. Jackson, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The case relates to the estate taxes of Albert P. Humphrey, who died testate February 23, 1942, the reported value of his estate being $185,475. On January 18, 1941, within two years prior to his death, decedent and his wife each made cash gifts to their two sons of $40,000. The Commissioner included this $40,000 in the gross estate of decedent and taxed it. The Tax Court sustained this action, finding that the $40,000 was as a matter of fact transferred in contemplation of death, because the evidence not only did not rebut the statutory presumption stated in Internal Revenue Code, § 811(c), 26 U.S.C.A. Int.Rev.Code, § 811(c), but the circumstances showed such contemplation.

The circumstances found and relied on are that decedent at the date of the gift was in his eighty-first year, and had not been active in business for thirty years. He had had an operation for hernia, had pernicious anemia since 1928, mild prostatitis in 1931, mild hypertrophy and cystitis in March, 1941, hospitalized in May, 1941, with diagnosis of pernicious anemia, chronic prostatitis ascending infection, cystitis, arterio-sclerosis, and hypertension. In November, 1941, he suffered a heart attack from which he did not recover. No such gift appears to have been made before 1941. His gift was mainly effectuated by his wife, who drew the check, he simply signing. It is not unreasonable to conclude from these facts that decedent and his wife

contemplated death in the making of the gifts to their sons. Opposing circumstances are that the two sons were intending to and shortly afterwards did engage in a speculative venture for which they needed more capital; and that no corresponding gifts were made to three daughters; and the gifts were not in exact line with the disposition of their estates in the wills of the decedent and his wife executed in 1938. Which set of circumstances should outweigh the other was a fact question. Allen, Collector, v. Trust Co. of Georgia, 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367. The burden was on the executor, both because death followed within two years, and because of the Commissioner's assessment. We cannot say the finding of the Tax Court is unsupported by the evidence under the law.

██ The Tax Court made no finding of the value at decedent's death of the property so transferred. The evidence is that the two sons took the $80,000 given by their parents and combined it with $80,000 of their own and by their operations prior to their father's death had lost about half of the $160,000 capital. It is therefore contended that $20,000 rather than $40,000 is to be included in this estate for taxation. I.R.C. § 811, supra, says that all included property, real or personal, tangible or intangible, is to be valued at the time of decedent's death. Regulation 105, Sec. 81.15, declares more specifically that *transferred property* in the estate is to be valued at the *date of decedent's death.* The evident purpose is to make the transferred property cause the same tax result as if the decedent had kept it till he died instead of transferring it. We do not accede to the argument that if the transferee injures or makes way with it, it shall be considered that he has acted as the agent of the decedent, or that he may substitute it by other property of less value. What is to be valued at the time of decedent's death is the very property which the decedent transferred. He transferred $40,000, and its money value was the same in 1942 as in 1941. No finding to that effect was needed. That the transferees may have lost some of it does not diminish the sum that was transferred.

The Commissioner's inclusion of the $40,000 value was demanded as a matter of law.

Affirmed.