COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

ESTATE OF James D. McDERMOTT, Deceased, John Lawrence McDermott and Maude E. McDermott, co-executors, Respondents.

ESTATE OF James D. McDERMOTT, Deceased, John Lawrence McDermott and Maude E. McDermott, co-executors, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 11154, 11155.

United States Court of Appeals Seventh Circuit.

May 27, 1955.

H. Brian Holland, Asst. Atty. Gen., Grant W. Wiprud, Atty., U. S. Dept. of Justice, Washington, D. C., Ellis N. Slack, Robert N. Anderson, Carolyn R. Just, Sp. Assts. to Atty. Gen., for petitioners.

Frederick O. Dicus, Chicago, Ill., Chapman & Cutler, Chicago, Ill., of counsel, for respondents.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

MAJOR, Circuit Judge.

In a controversy between the Commissioner of Internal Revenue and the executors of the estate of James D. McDermott relative to the estate tax owing by the latter's estate, the Tax Court, in a decision rendered August 25, 1953, sustained a deficiency in the amount of $1,487.98. This deficiency was predicated upon the value at the time of decedent's death of the corpus of certain trusts which had been previously created by the decedent. From this decision of the Tax Court the executors petitioned for a review (No. 11155). The executors, however, in this court have abandoned their petition for review and, as a result, we are not concerned with the Tax Court's decision insofar as it includes the value of the trust corpus in decedent's gross estate.

The Tax Court also decided that the income attributable to the trust property and received by the trustee subsequent to the creation of the trusts and transfer of the corpus was not includible in decedent's gross estate for estate tax purposes. The Commissioner petitions for review from this portion of the Tax Court's decision (No. 11154).

The question for decision, therefore, arises from Commissioner's contention that the Tax Court erred in holding that the value of that portion of the corpus of the trusts attributable to accumulations of income on property transferred by decedent, which income was received by the trustee subsequent to such transfer, was not includible in taxpayer's estate. The Commissioner's contention is predicated upon Sec. 811(c) (1) (B) and (d) (1), Internal Revenue Code of 1939, 26 U.S.C.A. § 811.

The major portion of the discussion by the Tax Court, including its findings of fact and conclusions of law, relates to the terms and conditions of the agreements by which the trusts were created and is material in the main to the issue raised by the executors in their petition for review, now abandoned. In a single paragraph the Tax Court disposed of the issue now for decision, as follows:

"Trust accumulations representing income on the property transferred by decedent are not includible in the gross estate. The statute, section 811(c) or (d), is only concerned with transfer, and since trust income was not transferred to the trust by decedent such accumulations as represented by income are not includible in decedent's gross estate. Commissioner of Internal Revenue v. Gidwitz [7 Cir.], 196 F. 2d 813; affirming 14 T.C. 1263."

We do not understand there is any dispute as to any issue of fact pertaining to the question for decision and, in view of the situation as previously stated, we think there is no occasion to make more than a brief statement of the facts. On December 23, 1939, the decedent created eight separate trusts for

the benefit of his wife and seven children, in each of which the decedent was designated as trustee. The trusts contained customary and ordinary provisions except that the trustee was authorized to accumulate part or all of the trust income, but any such accumulations were to be added to corpus. All beneficiaries survived the decedent, who died April 22, 1947. Upon termination, each trust provided for distribution to the principal named beneficiary, if living, with a contingent provision in the event that such beneficiary was then deceased.

The sole property transferred by the decedent to the trusts was the original corpus, consisting in the aggregate of 800 shares of stock in Olympic Commissary Company. Subsequent to the creation of the trusts and receipt by the trustee of such corporate stock, the trustee received one dividend declared on such stock, the proceeds of which were accumulated and used to purchase United States Savings Bonds. Thereafter the trusts were inactive, no other income was received, distributed or accumulated. In all the trusts except the one established for decedent's wife, the trustee was authorized to encroach upon and make distributions of corpus to the principal beneficiaries in the event the income from the trusts and from other sources was insufficient to relieve the needs of the beneficiaries arising from "accident, sickness or other emergency or unusual condition of any kind presently unforeseen." Only through the exercise of such an encroachment power could accumulations be distributed prior to termination of the trusts, but such power was never exercised by the trustee.

We think it is without dispute, at any rate the Tax Court found, "The trusts declare they are 'irrevocable' and the trustee is 'without power at any time to revoke, change or modify the terms hereof,' " and "In none of the trusts was there given or reserved to decedent any interest in the principal or income therefrom * * *." The Tax Court also found: "Separate income tax returns were filed by the trusts in reporting the Olympic dividends received in 1939. [After the trusts were created.] The Bureau first held, under the Clifford doctrine, that this income was taxable to decedent, but later held such income was 'taxable to the trusts.' "

None of the cases cited by the parties in support of their respective positions is conclusive on the issue for decision. They all depend upon varying factual situations, different in some respects from those of the instant case. It has been held, however, under analogous situations that the accumulations from trust property received by a trustee after a complete transfer of such property by the trustee is outside the scope of the statute and is not includible at death in his estate. As previously noted, the Tax Court cited as authority for its position the decision of this court in Commissioner of Internal Revenue v. Gidwitz, 196 F.2d 813. In that case we held that accumulations on a transfer made in contemplation of death were not taxable. The court reasoned that the transfer was complete prior to death and that the statute reached no more than the property transferred to the trust. The accumulations there involved, as in the instant case, were not part of the property transferred and were, therefore, not includible. The Commissioner in his attempt to escape our holding in Gidwitz argues that here "the transfers were not complete until taxpayer's [decedent's] death since the property transferred is includible in his estate by reason of retained powers to designate who shall enjoy, under Code Section 811(c) (1) (B), and to change the enjoyment of the trust estate through a power to alter, amend or revoke, under Code Section 811(d) (1)." We think this attempted distinction is without merit. The transfer in the instant case was as complete as it was in the Gidwitz case. The trusts were irrevocable, with no power reserved in the settlor or trustee to revoke, change or modify the terms of the trusts for his benefit or in a manner by which he could ever acquire any interest in either the corpus or the income therefrom. He

received the dividends (accumulations) on the trust corpus (corporate stock) solely in his capacity as a trustee. He was without power or right to receive such dividends in any other capacity. The fact that the trustee retained some control over the manner of handling the accumulations and their distribution does not militate against the fact that the transfer of the trust corpus was complete when made. Such control or power as was retained did not or could not result in any financial benefit to the trustee, and neither could it affect the rights of the beneficiaries in the aggregate. It could result in nothing more than the shifting of benefits and a determination as to the time of their enjoyment by the beneficiaries. It is thus our view that the Tax Court properly relied upon the Gidwitz case as authority for its position.

In Burns v. Commissioner, 177 F.2d 739, the Fifth Circuit had before it a situation similar to that before this court in the Gidwitz case. There, as in the instant situation, the trust agreement authorized the trustee to make and change investments and to encroach upon the trust corpus for the benefit of a designated beneficiary in the event an unusual need arose which the trust income was insufficient to meet. There, that court held the same as we held in Gidwitz, that the corpus of the trust transferred in contemplation of death was includible in the gross estate. The court, however, sustained the Tax Court in its refusal to include in the gross estate accumulations of trust income. In so doing the court stated, 177 F.2d at page 741:

> "The tax statute in question should be strictly construed in favor of the taxpayer, and since it does not expressly provide for the inclusion of income derived from the transferred property in the gross estate, it is not our prerogative, by judicial fiat, to give it that effect."

A study of the involved statute without the aid of any adjudicated case leads us to the conclusion that the Commissioner's contention is not sound. The statute lays its hand upon property which has been transferred under the enumerated contingencies. Whether the trust agreement comes within the sweep of an enumerated contingency is immaterial unless the property sought to be taxed at decedent's death was included in the property transferred at the time of the creation of the trust. Irrespective of all other considerations, property to be includible must have been transferred. Obviously, the accumulations here involved were not transferred by the decedent to the trustee. It is true, of course, that the accumulations represented the fruit derived from the property which was transferred but, even so, Congress did not make provision for including the fruit, it provided only for the property transferred. If it desired and intended to include the accumulations, it would have been a simple matter for it to have so stated.

We have examined numerous cases cited and relied upon by Commissioner, which we think are irrelevant to the question with which we are here concerned. The decision of the Tax Court is

Affirmed.