MICHIGAN TRUST COMPANY, Executor of the Estate of R. Wallace Hook, Plaintiff,

v.

Giles KAVANAGH, Collector of Internal Revenue, Defendant.

Civ. A. No. 3071.

United States District Court
W. D. Michigan, S. D.

March 12, 1959.

Harold S. Sawyer, Warner, Norcross & Judd, Grand Rapids, Mich., for plaintiff.

Wendell A. Miles, U. S. Atty., Grand Rapids, Mich., for defendant.

KENT, District Judge.

This is an action to recover Federal Estate Tax alleged to have been wrongfully assessed and collected by the defendant's decedent, who was, during his lifetime, the Collector of Internal Revenue for the District of Michigan. Involved are three (3) trust indentures, identical in terms except for the beneficiaries, each trust being for the benefit of one of the three (3) sons of R. Wallace Hook. Each trust was created in 1931.

The action was commenced in the United States District Court for the Eastern District of Michigan, and a partial summary judgment was entered in that Court determining that the corpus of the respective trusts was subject to Estate Tax on the death of the donor trustee. The terms of the trusts are set forth in detail in the opinion of District Judge Freeman, in Michigan Trust Co. v. Kavanagh, D.C., 137 F.Supp. 52.

Subsequent to the entry of the partial summary judgment the case was transferred to this Court upon petition of the plaintiff. All facts have been stipulated, including the amount of tax refundable in the event plaintiff recovers. The only pertinent portion of the trust indentures not set forth in the opinion of Judge Freeman, is Paragraph Second which reads as follows:

"Any part of the income of this trust not distributed during the existence of this trust shall be added to the trust property and disposed of in accordance with the terms of this trust for the disposition of the trust property."

Thus it is obvious that any accumulated income not distributed during the period

denominated by the trust indenture became a part of the corpus and was subject to the same limitations and powers as was the corpus when originally transferred.

Plaintiff relies heavily on the decision of the Court of Appeals for the Seventh Circuit, Commissioner of Internal Revenue v. McDermott's Estate, 7 Cir., 1955, 222 F.2d 665, 667, 55 A.L.R.2d 410. In that case the decedent had created eight (8) separate trusts for the benefit of his wife and seven (7) children. The decedent was designated as trustee and each trust contained the usual provisions, except that by the terms of each indenture the trustee was authorized to accumulate all or part of the trust income, such accumulations being added to the original trust corpus, as is true in the instant case. The trustee in the McDermott case was also given much control in the handling and distribution of the accumulation, and in each of the trusts, except that for the benefit of the wife, the trustee was authorized to invade the corpus and make distribution to the named beneficiary in the event need arose because of "accident, sickness or other emergency or unusual condition of any kind presently unseen." The trustee could in no way otherwise revoke or modify the terms of the trust and could not benefit from or acquire an interest in either the corpus or the income of the trusts. The original corpus in each trust consisted of securities upon which a dividend was realized shortly after the creation of the trusts. The dividend was accumulated in each trust and United States Savings Bonds were purchased with the proceeds. After the payment of the single dividend the trusts were inactive. The Commissioner assessed an Estate Tax, holding that the corpus and the accumulated income of each trust was includible in the gross estate of the decedent. The Tax Court held that the corpus was taxable, but further held that the accumulated income was not taxable under Title 26, U.S.C. § 811(c) or (d). The Commissioner appealed upon the issue of the taxability of the accumulated income. The Seventh Circuit affirmed the Tax Court, relying upon Burns v. Commissioner, 5 Cir., 1949, 177 F.2d 739, and Commissioner of Internal Revenue v. Gidwitz' Estate, 7 Cir., 1952, 196 F.2d 813. Both the Burns case and the Gidwitz case were decided under the provisions of Title 26 U.S.C. § 811(c), relating to transfers in contemplation of death.

The instant case arises under Section 811(d)(2).[1] The issue of a gift in contemplation of death is not before the Court.

Defendant relies upon Estate of Yawkey v. C. I. R., 1949, 12 T.C. 1164, and Estate of Spiegel v. Commissioner, 1949, 335 U.S. 701, 69 S.Ct. 301, 93 L.Ed. 330, rehearing denied 336 U.S. 915, 69 S.Ct. 599, 93 L.Ed. 1079.

The Court of Appeals for the Seventh Circuit in the McDermott case, supra, holds, 222 F.2d at pages 667–668:

"The Commissioner in his attempt to escape our holding in Gidwitz argues that here 'the transfers were not complete until taxpayer's [decedent's] death since the property transferred is includible in his estate by reason of retained powers to designate who shall enjoy, under Code Section 811(c)(1)(B), and to change the enjoyment of the trust estate through a power to alter, amend or revoke, under Code Section 811(d)

---

1. Title 26 U.S.C. § 811(d) (2).
   "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such

power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Except in the case of transfers made after June 22, 1936, no interest of the decedent of which he has made a transfer shall be included in the gross estate under paragraph (1) unless it is includible under this paragraph;"

(1).' We think this attempted distinction is without merit. The transfer in the instant case was as complete as it was in the Gidwitz case. The trusts were irrevocable, with no power reserved in the settlor or trustee to revoke, change or modify the terms of the trusts for his benefit or in a manner by which he could ever acquire any interest in either the corpus or the income therefrom. He received the dividends (accumulations) on the trust corpus (corporate stock) solely in his capacity as a trustee. He was without power or right to receive such dividends in any other capacity. The fact that the trustee retained some control over the manner of handling the accumulations and their distribution does not militate against the fact that the transfer of the trust corpus was complete when made. Such control or power as was retained did not or could not result in any financial benefit to the trustee, and neither could it affect the rights of the beneficiaries in the aggregate. It could result in nothing more than the shifting of benefits and a determination as to the time of their enjoyment by the beneficiaries. It is thus our view that the Tax Court properly relied upon the Gidwitz case as authority for its position. \* \* \*

"A study of the involved statute without the aid of any adjudicated case leads us to the conclusion that the Commissioner's contention is not sound. The statute lays its hand upon property which has been transferred under the enumerated contingencies. Whether the trust agreement comes within the sweep of an enumerated contingency is immaterial unless the property sought to be taxed at decedent's death was included in the property transferred at the time of the creation of the trust. Irrespective of all other considerations, property to be includible must have been transferred. Obviously, the accumulations here involved were not transferred by the decedent to the trustee. It is true, of course, that the accumulations represented the fruit derived from the property which was transferred but, even so, Congress did not make provision for including the fruit, it provided only for the property transferred. If it desired and intended to include the accumulations, it would have been a simple matter for it to have so stated."

We are not satisfied, as was the Court of Appeals for the Seventh Circuit, that the restriction in Section 811(d)(2) is limited to situations where the donor trustee is in a position to financially benefit through the exercise of the power to alter the rights of beneficiaries.

The authorities are fully set forth in the opinion of Judge Freeman in Michigan Trust Co. v. Kavanagh. We have examined the cases cited by counsel and with the exception of the McDermott case none seem to be truly applicable to the situation in the instant case. It would appear to this Court that the decedent, R. Wallace Hook, by creating the trusts transferred to the trusts, for the benefit of his sons, the corpus and the right to receive the income from the corpus. The power to alter or amend which existed in regard to the corpus under the provisions of Paragraphs First, Second, Seventh, Eighth, Twelfth, and Seventeenth,[2] could

2. "First: To receive, hold, manage, sell, invest and reinvest the same and every part thereof in the manner hereinafter specified, and to collect, recover and receive the rents, issues, interests, income and profits therefrom, hereinafter called 'Income', and after deducting any appropriate and necessary expenses in connection with the administration of the trust, to distribute the same in such manner or amount and at such times as in the sole discretion of the Trustee it may be deemed best, to or for the benefit of Russell Wallace Hook, Jr., the Grantor's infant son, hereinafter referred to as the 'Beneficiary'.

Second: Any part of the income of this trust not distributed during the existence

be exercised equally as to the corpus and the accumulated income. The enumerated provisions of each of the trust indentures apply equally to all trust property and accumulated income became trust property under the provisions of Paragraph Second, as set forth above.

The decedent Hook, by creating the trusts transferred to himself as trustee, the right to receive the income from the corpus without any financial benefit to himself individually, but reserved the right to determine when and how each beneficiary should enjoy the income and

thereby reserved to himself a "power to alter, amend, or revoke," within the meaning of the provisions of Section 811 (d)(2).

We recognize with respect the decision of the Seventh Circuit in the McDermott case, supra, but we are satisfied that it should be limited to the particular facts, and that the reasoning of that court cannot be applied to the trust instruments involved in this case.

Judgment will be entered for the defendant and the defendant may present the necessary order.

of this trust, shall be added to the Trust Property and disposed of in accordance with the terms of this trust for the disposition of the Trust Property.

Seventh: Any provision in this agreement notwithstanding, the Trustee shall have the right in his absolute discretion to distribute in whole or in part, the Trust Property to the Beneficiary at any time and in such manner or amount as he may deem the situation to warrant, it being the intention of the Grantor that while under ordinary circumstances it is not the desire that the Beneficiary come to the ownership of the Trust Property until the happening of all the conditions heretofore provided in that connection, the Trustee shall nevertheless be free to distribute the Trust Property or any part thereof to the Beneficiary at any time or in any manner or amount, should what the Trustee deems a special emergency arise.

Eighth: In the event that the Trust Property is entirely distributed as provided for in the preceding paragraph, this trust shall be automatically deemed to be terminated.

Twelfth: Any premiums paid for purchase of bonds or other securities, or the discounts obtained in the purchase thereof, shall be considered as coming out of or going into the trust corpus and shall not affect the income that may be distributed to the Beneficiary under this trust. All stock dividends and stock rights shall likewise be considered as trust corpus. The Trustee shall in any event be the sole and conclusive judge of what is principal and what is income.

Seventeenth: The trustee is authorized and empowered to vote in person or by proxy upon all stock or other securities held by him; to exchange the securities of any corporation for other securities issued by the same, or by any other corporation, at such times and upon such terms and conditions as the Trustee shall deem proper to consent to the reorganization, consolidation or merger of any corporation, or to the sale or lease of its property, or any portion thereof, to any person or corporation, or to the lease by any person or corporation of his or its property or any portion thereof, to such corporation, and upon such reorganization, consolidation, merger, sale or lease to exchange the securities held by him for the securities issued in connection therewith; to pay all assessments, subscriptions and other sums of money as the Trustee may deem expedient for the protection of his interests as holder of any stocks, bonds or other securities of any corporation, and to exercise any option contained in any stocks, bonds or other securities, for the conversion of the same into other securities, or take advantage of any rights to subscribe for additional stocks, bonds or other securities, and to make any and all necessary payments therefor, and generally to exercise in respect of all stocks, bonds or other investments held by the Trustee hereunder, all rights, powers and privileges as are or may be lawfully exercised by any person owning similar property in his own right, provided, however, that the Trustee shall not be required to make any of the payments herein provided, except from the principal of the trust fund, or from funds furnished for that purpose by the Grantor."