ESTATE OF HELEN WARD DEWITT, DECEASED, JOHN H. DEWITT AND ALBERT P. MORELLI, EXECUTORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of De Witt v. Commissioner
Docket No. 35533-86.
United States Tax Court
T.C. Memo 1987-502; 1987 Tax Ct. Memo LEXIS 498; 54 T.C.M. (CCH) 759; T.C.M. (RIA) 87502; September 28, 1987. Albert R. Mugel, for the petitioners. Edward D. Fickess, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on petitioners' motion for partial summary judgment, filed June 9, 1987, pursuant to Rule 121. [1] Respondent filed a response in opposition to petitioners' motion. Both petitioners and respondent submitted memoranda and accompanying affidavits in support of their positions. *499 By a notice of deficiency dated June 4, 1986, respondent determined a deficiency in decedent's Federal estate tax in the amount of $ 63,267.13. The deficiency was due to an alleged undervaluation of certain estate items and to the disallowance of administration expense deductions. The issue before us for partial summary judgment is whether it is appropriate for this Court to review administration expense deductions where the underlying expenditure was approved by a probate court in the exercise of its proper jurisdiction over the administration of an estate. Petitioners maintain that where a state court with jurisdiction allows administration expenses, passing upon the merits pursuant to applicable state law, these are deductible under section 2053 as a matter of law. Respondent counters that the regulations promulgated under section 2053 permit and even invite a de novo review by this Court regardless of the state court decree. The specific expenses for which petitioners seek a favorable ruling are: Claimed
Actually
Allowed by
Expense
Estimate
Paid
Respondent
Attorney's Fees
$ 100,560
$ 140,000.00
$ 43,000.00
Attorney's Disbursements
2,500
4,693.00
1,754.51
Accountant's Fees
9,850
20,550.00
-0-
Custodial Expense
9,350
9,527.00
-0-
Investment Advice
26,605
35,310.00
-0-
Executor's Commission
201,120
238,952.00
214,880.00
Real Estate Maintenance Fee
5,881
6,564.11
310.11
*500 Under Rule 121 we may grant a motion for summary judgment only if the pleadings and the affidavits submitted, taken together, show that there is no genuine issue of material fact and that a decision may be entered as a matter of law. We observe that the granting of a motion for summary judgment is the exception in Federal practice. The existence of any reasonable doubt as to the facts at issue must result in the denial of the motion. 6 Moore, Federal Practice, par. 6502(10), p. 2045 (2d ed. 1948); Hoeme v. Commissioner,63 T.C. 18 (1974). Petitioners, as the moving party, have the burden of proving that there is no dispute about the material facts of this case. Matson Navigation Co. v. Commissioner,67 T.C. 938, 951 (1977); Shiosaki v. Commissioner,61 T.C. 861, 863 (1974). Both parties attached affidavits and supporting documents which, considered in conjunction with the memoranda and the motions, provide the basis for the pertinent facts as set forth below. John H. DeWitt and Albert P. Morelli are the executors (hereinafter referred to as petitioners or executors) of the estate of Helen Ward DeWitt (hereinafter referred *501 to as decedent). The executors resided at Batavia, New York, and Watervliet, New York, respectively, at the time the petition herein was filed. At the time of her death on September 10, 1982, the decedent resided in Genesee County, New York. Her will was duly admitted to probate by the Surrogate's Court of Genesee County, New York (the Surrogate's Court), on September 22, 1982. [2] On that same date, the executors were duly qualified and were granted letters testamentary by the Surrogate's Court. The executors filed a statement with the Surrogate's Court listing income, expenses, assets and liabilities. On February 21, 1986, the Surrogate's Court approved this final accounting, having considered all the administration expenses pursuant to New York law. Incident to ordering a judicial settlement, the Surrogate's Court examined and approved the accounts submitted in nature and amount. On June 10, 1983, the executors filed an estate tax return with the District Director in Buffalo, New York. The thrust of petitioners' argument is that *502 the plain meaning of section 2053 precludes judicial review by this Court into the deductibility of administration expenses which have been approved by the proper probate court. Specifically, section 2053(a) provides that: For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts -- * * * (2) for administration expenses, * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered.
Petitioners contend that this phrase limits the scope of judicial inquiry by this Court to an appellate review. Petitioners' interpretation of section 2053 is erroneous because the requirements under that section are twofold.[3] First, the administration expense must be allowable under state law, and secondly, it must be allowable under the regulations. Estate of Reilly v. Commissioner,76 T.C. 369, 372 (1981). The phrase "as are allowable * * * by the jurisdiction * * * under which the estate is being administered * * * establishes a threshold and not an exclusive condition; the requirements of respondent's regulations must *503 also be satisfied." Estate of Smith v. Commissioner,57 T.C. 650, 661 (1972), affd. 510 F.2d 479 (2d Cir. 1975). Further, we noted in Estate of Posen v. Commissioner,75 T.C. 355 (1980), "we do not believe that Congress intended to allow the integrity of the Federal estate tax to be undermined by the vagaries of State law." Estate of Posen v. Commissioner, supra at 367-368. *504 The regulations under section 2053 provide the test for the deductibility of administration expenses. Section 20.2053-3(a), Estate Tax Regs., imposes an initial requirement that the expense be limited "to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, the payment of debts, and the distribution of property to the persons entitled to it." Section 20.2053-1(b)(2), Estate Tax Regs., addresses the effect of a court decree: The decision of a local court as to the amount and allowability under local law of a claim or administration expense will ordinarily be accepted if the court passes upon the facts upon which deductibility depends. * * * It must appear that the court actually passed upon the merits of the claim. This will be presumed in all cases of an active and genuine contest.
Thus, a court decree ordinarily controls the deductibility under the Federal estate tax only where the requisite foundation has been established. The proponent of the decree must show that all the facts necessary for deductibility under Federal estate tax were considered and found pursuant to the state's *505 court's inquiry. [4]
*506 We will grant this motion for partial summary judgment if we determine from the pleadings and affidavits that there are no remaining genuine issues of material fact in dispute between the parties. Considering the facts in a light most favorable to respondent, the non-moving party, we must decide whether the Surrogate's Court's decree, awarding the disputed administration expenses, establishes the deductibility of those expenses under section 2053 and the corresponding regulations. The burden of proof rests with petitioners, the moving party. Matson Navigation Co. v. Commissioner, supra. Although we are not stating that as a rule of law a Surrogate's Court decree establishes deductibility of administration expenses, we conclude that petitioners have satisfied their burden of proof as to most of the contested expenses. For the sake of clarity, the expenses will be considered one by one.
Attorney's Fees
Section 2053(a) allows a deduction for attorney's fees as an administration expense. Section 20.2053-3(a), (c), Estate Tax Regs. In order to be deductible the attorney's fees must both be allowable under local law and actually and necessarily incurred in the *507 administration of the estate. Estate of Posen v. Commissioner, supra.In the instant case, the attorney's fees which were awarded by the Surrogate's Court were allowable under local law. The executors submitted an affidavit to the Surrogate's Court which detailed the nature and value of the services rendered by the attorneys to the estate. This information contained a general description of services and a bill listing the number of hours performed by the attorneys and the rates at which those hours were charged. There was no itemized breakdown of the services rendered by each attorney. Respondent contends that this omission renders this Court incapable of determining whether the attorney's fees are deductible under section 2053. In affidavits submitted to the Surrogate's Court and to this Court, the law firm of Jaeckle, Fleischmann & Mugell (hereinafter referred to as the attorneys) described in detail the various services they had performed for the estate. The attorneys represented the estate for the three years of administration and during that period handled complex questions concerning the proper treatment of the decedent's real estate holdings in *508 Florida and were also engaged in foreclosure proceedings with respect to a mortgage owned by the decedent. The attorneys also counseled the executors on estate and income tax planning, including researching novel questions of estate tax law. [5] The representation involved an audit of the estate tax returns as well as audits of the decedent's income tax returns from prior years. During this period the attorneys made disbursements on behalf of the estate and incurred costs in conjunction with their representation of the estate. They filed disbursement schedules with the Surrogate's Court which were included with the affidavits filed herein. These disbursements including among others: court costs (primarily filing fees), photocopying, postage, and telephone expenses, travel expenses between Florida and New York, and transcript costs. In light of this detailed explanation of the services, taken in conjunction with the statement *509 evaluating the services, we hold that petitioners have met their burden of proof with respect to the deduction of attorney's fees. Petitioners have established that these fees were allowable under local law and that they were actually and necessarily incurred in the administration of the estate. Although it is unusual to make such a ruling without the benefit of an itemized bill, we are able to do so in this case, due to the extensive affidavits submitted. We also find that the amount actually paid for attorney disbursements is deductible under section 2053. The majority of these expenses were filing fees paid on behalf of the estate and which were required by the Surrogate's Court. Section 20.2053-3(d)(1), Income Tax Regs., specifically provides that miscellaneous administration expenses include court costs and surrogate's fees. Moreover, we conclude that the expenses which the attorneys incurred in representing the estate and which were approved by the Surrogate's Court also are properly deductible under section 2053 and section 20.2053-3(c), Income Tax Regs.
Executor's Commission
Petitioners, as executors of the estate, each received a full executor's commission *510 in the sum of $ 119,475.95, payable in two installments. These amounts were taken as a deduction under section 2053 on the estate tax return. Respondent disallowed $ 24,072 of this deduction on the ground it exceeded the amount allowable under the statutory rate. The executor's commissions were awarded by the Surrogate's Court pursuant to the New York statutory rate. [6] The decrees of the Surrogate's Courts which award executor's commissions carry great weight in our determination of deductibility for purposes of Federal estate tax. Estate of Audenried v. Commissioner,26 T.C. 120, 123 (1956). Executor's commissions are deductible if fixed by court order or without a court order if the commission is actually paid. Estate of Schildkraut v. Commissioner,T.C. Memo. 1965-239, affd. and revd. on other grounds 368 F.2d 40 (2d Cir. 1966), cert. denied 386 U.S. 959 (1967). In the instant case, the Surrogate's Court determined that the estate administration had been prompt and efficient. Finally, the executor's commissions were evaluated both as to value and amount by the guardian ad litem, appointed by the Surrogate's Court *511 to protect the interests of the infant remainderman. Based on the evidence presented, we find that petitioners have met their burden of proof and have established the deductibility of the executor's commission under section 2053 in the amount actually paid. [7]
Miscellaneous Advisory Fees
The third category of administration expenses before us pertains to the miscellaneous administration expenses. These include investment counseling services provided by Scudder, Stevens and Clark in the amount of $ 35,310, the services of accountants provided *512 by Touche Ross & Company in the amount of $ 20,550, and custodial fees in the amount of $ 9,527 for services provided by the Liberty National Bank and Trust Company. All of these items were disallowed in their entirety by respondent. Respondent maintains in his supporting memorandum that the fees set forth above are properly includable only in the executor's commission. This position is without merit. Section 20.2053-3(d)(1), Estate Tax Regs., allows for a deduction for miscellaneous administration expenses, specifically mentioning accountant's fees, in addition to the executor's commission. The expenses must also be "necessarily incurred in preserving and distributing the estate." Sec. 20.2053-3(d)(1), Estate Tax Regs. Viewing the facts in a light most favorable to the party opposing the motion, we have determined that petitioners have satisfied their burden of proof with respect to the accountant's fees. Affidavits show that the well known firm of Touche Ross & Company performed various accounting services throughout the period of estate administration. They prepared tax returns and provided counseling with respect to tax related audit and litigation. The statements *513 dated December 30, 1983 and September 18, 1984, which were submitted to the Surrogate's Court and to this Court, sufficiently establish that the services were necessary to the administration of the estate. No such finding is possible, however, regarding the services performed by Scudder, Stevens & Clark. Because the statement submitted lists nothing more than the firm's fee schedule, we conclude that petitioners have not met their burden of proof in establishing the deductibility of those expenses. Similarly, petitioners submitted no explanation of the custodial services performed by Liberty National Bank and Trust Company and have thus failed to meet the burden of proof with respect to the deduction for such an expense. Finally, petitioners request that a deduction be allowed for certain real estate maintenance costs. However, petitioners did not introduce any evidence concerning these costs, so we hold that petitioners have failed to meet their burden of proof with respect to the real estate maintenance fees. Accordingly, in light of the foregoing, we find that as a matter of law the attorney's fees (including the attorney's disbursements), the accountant's fees and the *514 executor's commission paid by the estate and awarded by the Surrogate's Court for Genesee County, New York, are deductible under section 2053. That part of petitioners' motion which asks for partial summary judgment as to the miscellaneous expenses, notably the investment advisory fees, the custodial fees, and the real estate maintenance fees, is denied as there are still remaining genuine issues of material fact to be resolved with respect to the deductibility of those items. An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended and in effect as of the date of the decedent's death. ↩
2. The will left the net estate, after debts and expenses, in trust to decedent's grandchild, the child of the executor John H. DeWitt. ↩
3. If we were to adopt the position advanced by petitioners we would have to hold the regulations under section 2053 invalid, because the regulations establish additional requirements for deductibility of expenses under that section. However, the validity of the regulations promulgated under section 2053 has been consistently upheld by this Court. Estate of Smith v. Commissioner,57 T.C. 650 (1972). This has become an area of conflict among the circuits as the Second Circuit affirmed our decision in Estate of Smith v. Commissioner,510 F.2d 479 (2d Cir. 1975), while the Sixth Circuit chose not to follow our reasoning upholding the regulations. Estate of Park v. Commissioner,475 F.2d 673 (6th Cir. 1973), revg. 57 T.C. 705 (1972). In Estate of Posen v. Commissioner,75 T.C. 355 (1980), we decided that we would continue to follow our own view as set forth in Estate of Smith v. Commissioner,57 T.C. 650 (1972), and Estate of Park v. Commissioner,57 T.C. 705 (1972). See also Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). For a general discussion see: Comment: "Estate of Smith -- Deductibility of Administration Expenses Under the Internal Revenue Code and Under the Treasury Regulations: Resolving the Conflict," 17 William and Mary L. Rev. 364 (1975)↩. 4. In the instant case, respondent has not alleged that New York law was improperly applied. Although it is not necessary to undertake an appellate review in this case, we note that the regulations permit such a review because "the decree will not be accepted if it is at variance with the law of the State." Sec. 20.2053-1(b)(2), Estate Tax Regs. The Fifth Circuit pointed out in Pitner v. United States,388 F.2d 651, 659 (5th Cir. 1967) that: In most instances the interest of the federal government in protecting its revenues will coalesce with the interest of the state in protecting its citizens, and the state law may be relied upon as a guide to what deductions may reasonably be permitted for federal estate tax purposes. In some cases, however, the state law on its face or in its application may not be responsive to the interests traditionally protected by the state.
Pitner v. United States, supra.See also Estate of Smith v. Commissioner,510 F.2d 479, 482-483 (2d Cir. 1975), affg. 57 T.C. 650↩ (1972) (Federal courts cannot be precluded from reexamining a lower state court's allowance of administration expenses). 5. Under the Economic Recovery Tax Act of 1981, the estate was able to choose which provisions would be applied. Since the law was new the attorneys had to investigate all the options under the new law without the benefit of precedent or experience. ↩
6. The executor's commissions were paid according to the following schedule: 2.5 percent
on
$ 100,000
2.0 percent
on
100,001 to 200,000
1.5 percent
on
200,001 to 700,000
1.25 percent
above
700,001
In Judge Morton's Memorandum Decision filed February 21, 1986, this schedule is the proper statutory rate under New York law. ↩
7. Respondent's oblique allegations of impropriety in the computation of the executor's commission do not rise to a level which would cast doubt on the Surrogate's Court decree. There is nothing before us to suggest that the Surrogate's Court decree is suspect. ↩