ESTATE OF HELEN WARD DEWITT, DECEASED, JOHN H. DEWITT AND ALBERT P. MORELLI, EXECUTORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of DeWitt v. Commissioner
Docket No. 35533-86
United States Tax Court
T.C. Memo 1994-552; 1994 Tax Ct. Memo LEXIS 566; 68 T.C.M. (CCH) 1136; 68 Trade Cas. (CCH) P1136; November 1, 1994, Filed *566 An order will be issued granting petitioner's motion and denying respondent's motion for partial summary judgment. Albert R. Mugel, for petitioners. Timothy M. Cotter, for respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM OPINION This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121[1] and petitioner's cross motion for partial summary judgment. Both petitioner and respondent submitted memoranda and accompanying affidavits in support of their positions. The issue before us for partial summary judgment is whether under section 2035(a), [2] a transfer in trust, originally funded with cash, is includable in decedent's gross estate at the value of the trust res at the date of decedent's death, or at the value of the cash with which the trust was funded. *567 Summary judgment is appropriate if the pleadings and other materials show that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). A partial summary adjudication may be made which does not dispose of all the issues in the case. Rule 121(b). The moving party bears the burden of proving that no genuine issue exists as to any material fact and that he is *568 entitled to judgment on the substantive issues as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The instant case was the subject of a prior motion for partial summary judgment. Estate of DeWitt v. Commissioner, T.C. Memo. 1987-502. Some of the facts are set out in our prior opinion and may be repeated here for purposes of convenience. The pertinent facts as set forth below are not in dispute. John H. DeWitt and Albert P. Morelli are the executors of the estate of Helen Ward DeWitt (decedent). The executors resided at Batavia, New York, and Watervliet, New York, respectively, at the time the petition was filed. At the time of her death on September 10, 1982, decedent resided in Genesee County, New York. Her will was duly admitted to probate by the Surrogate's Court of Genesee County, New York, on September 22, 1982. On that same date, the executors were duly qualified and were granted letters testamentary by the Surrogate's Court. On January 30, 1981, decedent created an irrevocable trust for the income benefit *569 of her son, petitioner John H. DeWitt, for life, with the remainder to his children, subject to a special testamentary power of appointment. The trust was funded with $ 250,000 cash. Decedent and petitioner John H. DeWitt were appointed as trustees. Decedent filed a Federal gift tax return with respect to the gift in trust, and paid the gift tax thereon. The trustees invested the trust funds in an income-producing note of an unrelated business partnership (note). On September 10, 1982, the date of decedent's death, the trust consisted entirely of the note, which the executors valued at $ 187,500. [3] The executors timely filed a Federal estate tax return and elected, under section 104(d)(3) of the Technical Corrections Act of 1982, Pub. L. 97-448, 96 Stat. 2365, 2383, to apply the provisions of section 2035. The executors included the amount of $ 187,500 in decedent's gross estate. Respondent determined that the amount includable in the gross estate is $ 250,000, the value of the cash with which the trust was funded. *570 Section 2035 provides in pertinent part: Inclusion of Gifts Made by Decedent -- * * * the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, during the 3-year period ending on the date of decedent's death.
Section 20.2035-1(e), Estate Tax Regs., provides: Valuation. The value of an interest in transferred property includible in a decedent's gross estate under this section is the value of the interest as of the applicable valuation date. * * * see sections 2031, 2032, and the regulations thereunder. [The applicable valuation date for purposes of the instant case is the date of death]. However, if the transferee has made improvements or additions to the property, any resulting enhancement in the value of the property is not considered in ascertaining the value of the gross estate. Similarly, neither income received subsequent to the transfer nor property purchased with such income is considered.
The purpose of section 2035 is to prevent the avoidance of estate tax through the use of gifts as a substitute for testamentary disposition of *571 what would otherwise be included in the gross estate. Estate of Coleman v. Commissioner, 52 T.C. 921, 923 (1969). Simply stated, respondent's position is that the interest in property to be valued and included in decedent's gross estate is the cash transferred by decedent at the inception of the trust. The value of cash does not fluctuate; therefore $ 250,000 should be included in the gross estate. The executors argue that decedent transferred an interest in a trust; therefore the trust interest is the property which is to be included in decedent's gross estate. The value of the trust interest was $ 187,500 on the date of death. Respondent bases her position on a plain reading of section 2035 and section 20.2035-1(e), Estate Tax Regs., and Humphrey's Estate v. Commissioner, 162 F.2d 1 (5th Cir. 1947), affg. a Memorandum Opinion of this Court. We do not believe that a plain reading of the statute resolves the dispute in the instant case. Further, respondent's reliance on Humphrey's Estate is misplaced. The decedent in Humphrey's Estate v. Commissioner, supra, transferred $ 40,000 *572 outright to each of his two sons within 2 years of his death. The sons subsequently invested the funds, and at the date of the decedent's death, the investment declined by 50 percent. The Tax Court held that the transfers by the decedent were made in contemplation of death, [4] and therefore were includable in the gross estate. We did not, however, address the valuation issue. The U.S. Court of Appeals for the Fifth Circuit held that the property originally transferred is the property to be valued, i.e., $ 40,000 cash, not the substituted property. The Court of Appeals stated: What is to be valued at the time of decedent's death is the very property which the decedent transferred. He transferred $ 40,000 [to each son], and its money value was the same [at the date of transfer as at the date of death] * * * That the transferees may have lost some of it does not diminish the sum that was transferred. * * * [Humphrey's Estate v. Commissioner, supra at 2.]
*573 In the present case, unlike Humphrey's Estate, the transfer was made into trust. The applicable precedent in this Court, with respect to the valuation of property for estate tax purposes, in a case where the trust has disposed of the transferred property and at the date of death holds substituted property, is Estate of Kroger v. Commissioner, a Memorandum Opinion of this Court dated Aug. 17, 1943, affd. 145 F.2d 901 (6th Cir. 1944). In Estate of Kroger, the decedent established two trusts prior to his death. The first trust was funded with $ 2,000,000 par value U.S. Treasury notes and the second was funded with $ 10,000,000 par value U.S. Treasury notes. On the date of the decedent's death, the values of the trusts were $ 1,736,414 and $ 10,461,490, respectively. We held that the value to be included in the gross estate was the value of the trust corpora at the decedent's date of death, not the value of the amounts used to fund the trusts. The Tax Court stated: The estate tax is imposed upon the value of the net estate as it exists at the date of the death of the decedent. If the decedent had made an inter vivos gift of property *574 in contemplation of death that property would have to be valued as of the date of death whether that value be more or less than at the date of the gift; and if property has been converted into other property the value of such other property at the date of death is the measure of the tax. The same rule applies where property is transferred to a trust in contemplation of death. [Estate of Kroger v. Commissioner, supra.]
We follow the holding in Estate of Kroger v. Commissioner, supra. Accordingly, we hold that the value of the trust res at the date of decedent's death, $ 187,500, is includable in the gross estate under section 2035(a). To reflect the foregoing, An order will be issued granting petitioner's motion and denying respondent's motion for partial summary judgment.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the Internal Revenue Code in effect as of the date of decedent's death.↩
2. Although sec. 2035(a) was repealed by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 424(a), 95 Stat. 172, 317, the Technical Corrections Act of 1982, Pub. L. 97-448, sec. 104(d)(3), 96 Stat. 2365, 2383, 2384, provided that the estate of a decedent who died before Aug. 13, 1984, and who had made a gift before Aug. 13, 1981, on which gift tax was paid prior to April 16, 1982, was entitled to elect to have the provisions of sec. 2035↩ apply without regard to the provisions in the Economic Recovery Act of 1981.
3. The value of the note at the date of decedent's death is not in dispute.↩
4. Prior to the amendment of sec. 2035 by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 2001(a)(5), 90 Stat. 1520, 1848, gratuitous transfers made by the decedent were includable in the gross estate if made in contemplation of death within the 3-year period. As a result, litigation frequently arose with respect to a decedent's motive in making certain transfers. Sec. 2035↩ was amended to eliminate the problem by including all gratuitous transfers made within the 3-year period, regardless of the donor's motive. See H. Rept. 94-1380 (1976), 1976-3 C.B. (Vol. 3) 738, 746.