## In the Matter of the Estate of LAURA M. YOUNG, Deceased.

Surrogate's Court, Suffolk County, December 8, 1966.

*Scheinberg, Wolf, Lapham & De Petris* (*Emil F. De Petris* of counsel), for petitioner. *Syrena H. Stackpole* for Violet Ruth Doyle. *J. Leo Saxstein,* special guardian of Lauren M. Young.

PIERSON R. HILDRETH, S. In this accounting, the executor, a corporate fiduciary, asks that the court fix and determine the compensation of its attorneys for all legal services rendered to the fiduciary in connection with settlement of the estate. Neither the fiduciary nor any adult party has specifically objected either to the account or to the compensation requested, but objections were filed by the special guardian. At the first hearing objections 1, 2, 3, 4, 7, 8 and 9 were dismissed for failure of proof sufficient to sustain any of such objections. The remaining objections, 5 and 6, as amended by stipulation upon the record, are that the compensation paid to and requested by the attorneys for the fiduciary is excessive.

The executor, a bank, is also the trustee, but the trust duties are distinct and separate from executorial duties so that complete general administration will occur. The executor retained counsel upon decedent's death in 1962. Counsel have since then continued to render all necessary legal services required for all phases of administration and settlement of the estate including

probate, general administration, Federal and New York tax proceedings, sale of assets, accounting and prospective distribution to and creation of the trusts. The estate is substantial, having a gross value at the time of distribution in excess of $800,000. The gross taxable estate appears to have been approximately $400,000. The increase derived from a sale of real property for a sum quite in excess of its value in the tax proceeding. This real property was sold during administration for $634,906.80, the purchase price being received by $183,906.80 in cash, and the balance by two purchase-money mortgages of $240,000 and $211,000, respectively. Extensive negotiations and some difficulties attended this sale, and for their services on this phase the attorneys were paid $6,000. For all other legal services rendered in connection with the estate they have been paid $20,000, making $26,000 in all paid to date. They request an additional $5,000 to make a total compensation of $31,000. The executor claims a full commission of approximately $18,000.

The court has carefully considered the documentary and oral proof as to the nature, extent and details of the services rendered, and the proper factors and guides for evaluating fair and reasonable compensation set forth in *Matter of Potts* (213 App. Div. 59, affd. 241 N. Y. 593). The nature and extent of the work necessarily performed and the time it took to do it are basic factors. The amount involved is also a factor but compensation based solely upon an arbitrary percentage applied to the size of the estate does not necessarily bear any direct or proper relationship either to the extent or value of the necessary services actually rendered.

Giving consideration to all circumstances and factors existing in this matter the court fixes the fair and reasonable value of the entire services rendered and to be rendered through settlement of decree and distribution thereunder at the total sum of $26,000 which is the amount the executor has already paid. Accordingly, objection 6 which relates to the payment made for services in the sale of the real property is dismissed. Objection 5 relating to general compensation is sustained insofar as it objects to payment of additional compensation but is otherwise denied.

Under the will of decedent the residuary estate is to be held under two trusts, one of 4/10 and the other of 6/10 of the residuary estate. Estimated commissions are computed on the premise that administration will be completed and all assets distributed to the trustee to be held in the two trusts. It is therefore necessary for the executor to allocate the assets to the respective trusts. A proposed schedule of distribution showing

the proposed allocation and the assets or fractional shares to be transferred to each trust should be set forth and the interested parties so notified. The executor is directed to file a schedule showing proposed distribution and serve same upon the parties who have appeared after which a decree may be submitted in accordance with the foregoing.