■ In the Matter of the Estate of STEPHEN M. QUADE,

Deceased. ALFRED R. QUADE et al., Individually and as Administrators of the Estate of STEPHEN M. QUADE, Deceased, et al., Appellants; FRED R. STANTON et al., Respondents.—Levine, J. Appeal from a decree of the Surrogate's Court of Warren County (Moynihan, Jr., S.), entered March 7, 1985, which determined the amount of counsel fees for petitioner Joseph R. Cardamone in connection with the estate of Stephen M. Quade.

The instant appeal concerns petitioners' application for the payment of counsel fees to petitioner Joseph R. Cardamone for services rendered in connection with Stephen M. Quade's estate. Decedent's estate consisted of extensive holdings, parts of which were located both in New York and in Florida. His will, admitted to probate in Florida, was contested by petitioners Alfred R. Quade and Roberta Quade through their Florida attorneys on the ground that decedent was incompetent when he executed his will and named respondent Fred R. Stanton as executor of his estate. Stanton petitioned the Warren County Surrogate's Court for ancillary letters of administration regarding decedent's New York assets. The Quades retained Cardamone, a New York-based attorney, and successfully cross-petitioned Surrogate's Court for temporary letters of administration. Cardamone thereafter served as counsel to the Quades as administrators of the New York estate and represented them as such when Stanton later petitioned Surrogate's Court to revoke their temporary letters. The Florida and New York estate matters were subsequently settled by a stipulation and thereafter, the Quades petitioned Surrogate's Court for a judicial settlement of their accounts seeking, *inter alia,* that the court include $60,000 in counsel fees for Cardamone as an expense of the New York estate. Respondent Violet Curtiss objected to the amount requested, alleging that a substantial portion of the services documented represented time spent on the Florida litigation, for which the estate had paid the Quades' Florida counsel, and time spent representing the Quades individually, for which the estate was not liable. After a hearing, Surrogate's Court fixed Cardamone's fee at $12,000.

On appeal, petitioners contend that Surrogate's Court abused its discretion in setting Cardamone's fee at $12,000 since he did not spend any time on the Florida litigation beyond reviewing matters relevant to the administration of the New York estate and because the beneficiaries under the will had agreed, in the stipulation, that Cardamone was to receive compensation for representing the Quades individually

as well as in their capacities as administrators. We disagree with these contentions.

It was within Surrogate's Court's discretion to determine reasonable compensation for an attorney's services rendered in connection with an estate (SCPA 2110). There is no hard and fast rule to calculate what reasonable compensation is in every case, but the court is required to exercise its authority "with reason, proper discretion and not arbitrarily" *(Matter of Brehm,* 37 AD2d 95, 97; *see, Matter of Patchin,* 106 AD2d 730, 731). In requesting the court to set Cardamone's fee, petitioners had the burden of establishing the reasonableness of the claim and the value of the services rendered *(see, Matter of Potts,* 213 App Div 59, 61, *affd* 241 NY 593). Petitioners failed to meet that burden here. Cardamone submitted a recapitulation of the time he spent representing the Quades. A substantial portion of the 358 hours documented represented time spent on matters pertaining to the Florida litigation; to wit, reviewing depositions and other papers and correspondence with Florida attorneys and doctors. Concededly, Cardamone would have had to familiarize himself with the Florida proceeding to the extent that issues presented there pertaining to decedent's competence at the time he executed his will were relevant to the Quades' petition for temporary letters of administration and to the later petition by Stanton to revoke the temporary letters. However, Cardamone failed to explain the reason for numerous hours spent on the Florida litigation at other points during his representation of the Quades and was not able to clearly delineate time spent on New York estate matters as distinguished from the Florida litigation. Moreover, since Cardamone submitted a recapitulation of hours rather than actual day-to-day time records, Surrogate's Court was not obligated to accept his otherwise unsupported testimony regarding the amount of time claimed to be compensable *(see, Matter of Schaich,* 55 AD2d 914, *lv denied* 42 NY2d 802).

We are equally unpersuaded by petitioners' contention that the stipulation entered into by the beneficiaries was intended to compensate Cardamone for services rendered to the Quades individually. A stipulation constitutes a contract *(Baumis v General Motors Corp.,* 66 NY2d 777, *affg* 106 AD2d 789; *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Davis v Sapa,* 107 AD2d 1005, 1006; McLaughlin, 1985 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2104, p 164 [1986 Supp]) and as such must manifest mutual assent (1 Corbin, Contracts § 55, at 233). The

stipulation here states that Surrogate's Court was to "set and approve the reasonable and necessary attorney's fees for the Temporary Administrators' counsel, Joseph R. Cardamone". Carl Baker, counsel to Stanton, testified that the original version of the stipulation, drafted by him and submitted to the beneficiaries, recited that Cardamone's fee was to include compensation for representation of the Quades individually, but that he inadvertently changed the wording upon drafting the final version. However, petitioners did not submit any proof that the beneficiaries assented to an agreement between petitioners and Baker to compensate Cardamone for representation of the Quades individually, and since the beneficiaries did not sign the original version of the stipulation they were not bound by its terms (see, CPLR 2104).

Decree affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., and Levine, JJ., concur.