OPINION OF THE COURT
Lee L. Holzman, J.
In this accounting proceeding, decedent’s spouse, who is a *27 coexecutrix of the estate, and two of decedent’s children filed objections to schedule C-l of the account which requests the payment of $14,500 for legal services rendered by a firm of which the coexecutor is a member. The parties waived a hearing on this issue.
Decedent died on January 15, 1986. The account covers the period from the date of decedent’s death through April 3, 1987. The commissionable estate has a value of $351,879.67. It is not disputed that petitioner is entitled to statutory commissions in the sum of $14,556.39. However, objectants contend that the payment of the requested legal fee to petitioner’s firm in addition to the commissions will result in petitioner and his firm receiving an amount equal to approximately 11.5% of the probate estate for services rendered in a routine and uncomplicated estate. Almost 90% of the estate consisted of insurance proceeds, $237,861 of which was collected from one group insurance policy. Objectants assert that the only real problem in this estate was their refusal to accede to the demand for the requested legal fee and the refusal of petitioner to cooperate with other counsel that the spouse desired to retain. They also complain that each time a beneficiary called to request information about when the estate would be distributed the only tangible result was that the law firm punched 15 more minutes of billable time into its computer.
The law firm represented both fiduciaries from January 15, 1986 through April 15, 1986. It continues to represent the coexecutor, who is a member of the firm. This firm performed all of the legal services required to have the will admitted to probate, the estate taxes fixed and the instant account filed.
In support of the requested legal fee, a 22-page computer printout has been submitted. Counsel contends that 130 billable hours were expended in the rendition of legal services in this estate. However, counsel recognizes that the time-clock approach is not controlling and candidly states that the requested fee "is based on the firm’s billing policy regarding estates which is calculated at the same rate as an executor’s commissions”. Counsel disputes that the services rendered were routine. The firm asserts that the following complications required additional legal services: the spouse retained three different attorneys, each of whom had to be apprised as to the status of the estate; one of these attorneys attempted to prepare the required New York State estate tax return but lacked the necessary expertise to complete the task; disputes and communication problems between the spouse and dece *28 dent’s children from a prior marriage; the necessity to ascertain the amount of tuition loans outstanding to satisfy the provision in the will that the outstanding tuition loans of testator’s children be paid; the necessity to investigate the estate’s entitlement to fringe benefits from testator’s employer; and the lodging of a complaint by the spouse with the Disciplinary Committee which resulted in a determination that there was no basis to take action. Counsel also employs the bootstrap argument that, since the spouse authorized the filing of an estate tax return indicating counsel fees of $15,151, this should in some way be relevant to the instant proceeding notwithstanding that the spouse raised an objection to the legal fee at that time.
A careful examination of the computer printout reveals that almost 40% of the time expended involved performing executorial duties or defending against the charges filed with the Disciplinary Committee. The court appreciates that, even when it is determined that there is no basis for any disciplinary action against the attorney, the experience is a nightmare for the attorney because of both the time and emotional toll that it exacts. Nevertheless, in the absence of legislation to the contrary, the court is unaware of any authority which permits the attorney to obtain any recovery for legal fees or otherwise from the complainant who has been unable to establish that disciplinary action should be taken against the attorney.
The factors to be considered in the fixation of a legal fee are well settled (Matter of Potts, 213 App Div 59, affd 241 NY 593; Matter of Freeman, 34 NY2d 1). It is equally well established that counsel cannot be compensated for the performance of executorial services for which a .fiduciary receives statutory commissions (Matter of Gates, 120 AD2d 890; Matter of Burroughs, 155 Misc 237, 239). However, as is often the case, this last principle can be stated with great clarity but its application can present problems. In the administration of an estate there are numerous tasks which can fairly be classified as a mixture of executorial and legal duties. In the instant estate, ascertaining the amount of tuition loans or the fringe benefits can arguably be classified as either legal or executorial in nature or, perhaps, more accurately as a combination of both.
The decisions in Matter of Weinstock (40 NY2d 1) and its progeny have resulted in closer judicial scrutiny of legal fees where the same attorney is also receiving commissions as a fiduciary (see, Matter of Stalbe, 130 Misc 2d 725). The courts *29 have held that, when an attorney receives a commission in addition to the legal fee, the former must be considered in fixing the latter (Estate of Smith, NYLJ, Mar. 3, 1988, at 15, col 5; Will of Deguire, NYLJ, July 23, 1987, at 16, col 4; Estate of Orza, NYLJ, Sept. 18, 1981, at 6, col 5). The implicit if not explicit rationale behind these holdings is a recognition that there is a certain amount of duplication of services and responsibility in the performance of executorial and legal services. An unwritten rule that is followed by many firms is that, in those estates where the attorney is also the executor, the combined counsel fees and commissions should equal IVz times the statutory commissions. This unwritten rule might have some validity as a frame of reference in initially examining counsel fees in larger estates. However, its validity, for even this limited purpose, appears to be diminished in smaller estates where the time factor is more significant than in more substantial estates where the responsibility involved assumes greater importance.
Considering that a member of the law firm is to receive commissions of $14,556.39, as well as all of the factors to be considered in the fixation of a legal fee, the fee of counsel is fixed in the sum of $8,750.
Petitioner has also filed a petition to compel the spouse to account as coexecutrix of the estate. This application has been rendered moot by the filing of an affidavit in which the spouse adopted petitioner’s account except as to schedule C-l. Inasmuch as the spouse was under the same obligation to account as petitioner, her request for costs in the compulsory accounting proceeding is denied.