ESTATE OF JOSEPH V. CALCAGNO, DECEASED, CHARLES M. BIANCO, CO-EXECUTOR AND EMILY RASKOFF, CO-EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Calcagno v. Commissioner
Docket No. 15078-87
United States Tax Court
T.C. Memo 1989-677; 1989 Tax Ct. Memo LEXIS 677; 58 T.C.M. (CCH) 1042; T.C.M. (RIA) 89677; December 27, 1989
Kevin Patrick McGovern, for the petitioner. Nancy Chassman Rothbaum and Steven M. Diamond, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 17,669.87 in the Federal estate tax of the Estate of Joseph V. Calcagno. The issues for decision are whether the estate is entitled *678 to deduct: (1) a funeral expense in the amount of $ 38,570 claimed as a payment to the Province of St. Mary of the Capuchin Order and (2) attorney's fees of $ 28,000 claimed on the estate tax return, of which $ 9,200 has been allowed by respondent. All of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition herein was filed, Charles M. Bianco, co-executor, was an attorney at law duly licensed to practice in the courts of the State of New York with offices in Brooklyn, New York. Also at the time the petition herein was filed, Emily Raskoff, co-executrix, resided in Garden City, New York. Joseph V. Calcagno (decedent) was a resident of Brooklyn, New York, at the time of his death. He died testate on September 30, 1983. A Federal estate tax return was timely filed on behalf of the Estate of Joseph V. Calcagno (the estate or petitioner). Decedent's last will and testament directs that 10 percent of the residuary estate be given to "provide an appropriate memorial to the deceased members of the CALCAGNO FAMILY" as designated by Ms. Raskoff, who was also a beneficiary under the will, *679 and three of the other beneficiaries. By check dated June 1984, the estate transferred $ 26,800 to the Province of St. Mary of the Capuchin Order pursuant to the provision of decedent's will. The purpose of the transfer was to establish a fund for the education of priests as a memorial to the deceased members of the Calcagno family. On the estate tax return, a charitable deduction was claimed in the amount of $ 38,570 with the named beneficiary being The Province of St. Mary of the Capuchin Order, which respondent disallowed in its entirety. Petitioner now concedes that the claimed charitable bequest of $ 38,570 was improper as a charitable bequest but contends that it should be allowed as a deduction for a funeral expense "as a suitable memorial allowable as a funeral expense under the New York Surrogate's Court Procedure Act Section 103(22)." On the estate tax return, a deduction was claimed for attorney's fees in the amount of $ 28,000. Respondent disallowed $ 18,800 of the deduction. Mr. Bianco was retained as attorney for the estate under a written fee agreement entered into on October 10, 1983, with Mr. Bianco and Ms. Raskoff as co-executors. The fee agreement provided *680 for Mr. Bianco to receive a flat rate of 6 percent of the gross estate for his services rendered as attorney regardless of the number of hours spent or the extent and difficulty of the work involved. In an affidavit dated June 1, 1988, Mr. Bianco alleges to have performed the following services as attorney for the estate: Preparation of Petition for probate together with Depositions of Witness, Notice of Probate, Waivers; filing with Surrogate's Court, Kings County; obtaining Letters Testamentary, obtaining Tax Waiver for bank account, selling stocks. Preparation of income tax return, fiduciary return, estate tax return, federal and state. Preparation of contract of sale for real property and papers for attendance at closing of title. In that affidavit, Mr. Bianco also alleges that he spent 205 hours in performing his duties as attorney for the estate and that his billing rate is $ 175 per hour. Mr. Bianco did not keep any records concerning the amount of time he expended working on the estate in his capacity as attorney. Other than the instant case, there has been no litigation involving the estate. On the estate tax return, a deduction was claimed for executors' commissions *681 in the amount of $ 35,475.00, of which Mr. Bianco will receive one-half of said amount ($ 17,737.50) as co-executor of the estate. As co-executor, Mr. Bianco: (1) signed and approved a New York State motion to fix tax; (2) signed documents and checks in his capacity as co-executor of the estate which he prepared in his capacity as attorney for the estate; and (3) acted along with Ms. Raskoff only upon his advice and recommendation as attorney for the estate. The assets of the estate consisted of the following: a. Two-family residence (the residence) valued at $ 95,000.00, b. Securities in the amount of $ 47,424.57, c. Bank accounts and money market accounts totaling $ 306,009.55, d. Insurance on decedent's life in the amount of $ 1,181.91, e. Two jointly owned U.S. Series H savings bonds valued at $ 2,000.00, and f. Other miscellaneous property in the amount of $ 8,357.40. The residence was sold pursuant to a contract of sale dated January 31, 1984. Mr. Bianco received $ 1,000 as a legal fee for the sale of the residence. This fee was paid in addition to, and apart from, the $ 28,000 in attorney's fees claimed on the estate tax return. Initially, we note *682 that the burden of proof is on petitioner as to both issues involved herein. Rule 142(a); [1]Welch v. Helvering, 290 U.S. 111 (1933). The fact that the case is fully stipulated does not relieve petitioner of that burden. Rule 122; Service Bolt & Nut Co. Trust v. Commissioner, 78 T.C. 812, 819 (1982), affd. on other issues 724 F.2d 519 (6th Cir. 1983). We deal first with petitioner's claimed deduction of $ 38,570 for a payment to the Province of St. Mary of the Capuchin Order. Clearly as to the excess of the aforesaid amount over the $ 26,800 payment substantiated in the record herein, the deduction is not allowable. As to the latter amount, section 2053(a)(1) provides for a deduction for funeral expenses "as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." The regulations go on to specify: A reasonable expenditure for a tombstone, monument, or mausoleum, or for a burial lot, either *683 for the decedent or his family, including a reasonable expenditure for its future care, may be deducted under this heading, provided such an expenditure is allowable by the local law. * * * [Sec. 20.2053-2, Estate Tax Regs.] Section 103(22) of the New York Surrogate's Court Procedure Act (McKinney 1967) provides that a funeral expense includes: reasonable expense of a funeral, suitable church or other services as an integral part thereof, expense of interment or other disposition of the body, a burial lot and suitable monumental work thereon and a reasonable expenditure for perpetual care of a burial lot of the decedent. We think it clear that the establishment of a scholarship fund for the education of priests as a memorial for deceased members of the Calcagno family cannot be considered a funeral expense either under New York law or the estate tax regulations. Such payment represents no more than a bequest for the benefit of members of the decedent's family, unrelated to his own funeral. See Estate of Tuck v. Commissioner, T.C. Memo. 1988-560. We hold for respondent on this issue. We now turn to the question of the deductibility of attorney's fees. *684 Section 2053(a)(2) provides for the deduction of such administration expenses "as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." The regulations provide for the deduction of such expenses "as are actually and necessarily incurred in the administration of the decedent's estate; * * *. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate * * *." Sec. 20.2053-3(a), Estate Tax Regs. The regulations further provide for the treatment of attorney's fees [2] and the effect to be given to decrees of state courts. [3]
*685 We have held that the requirements of both local law and the regulations must be met. Estate of Reilly v. Commissioner, 76 T.C. 369, 372 (1981). Since, as subsequently will appear, the applicable standards of New York law and the regulations coincide we need not resolve the dispute among the Circuit Courts of Appeal as to which would control if a disparity existed. See Estate of Posen v. Commissioner, 75 T.C. 355, 366 (1980); Estate of Smith v. Commissioner, 57 T.C. 650, 661 (1972), affd. 510 F.2d 479 (2d Cir. 1975). [4]
Asserting that the attorney's fees herein were fixed by a New York court, petitioner rests its case on United States v. White, 650 F. Supp. 904 (W.D.N.Y. 1987), which held that respondent was foreclosed from investigating the deductibility of attorney's fees on a Federal estate tax return because of the prior approval of those fees by the New York Surrogate's Court. Petitioner's position is totally without merit. The only evidence of any action by a New York authority is the following statement *686 in Mr. Bianco's affidavit: "Signed and approved * * * New York State Motion to Fix Tax." There is no evidence as to the contents of said motion, where it was filed, or the circumstances surrounding the action, if any, taken thereon. The instant situation is a far cry from the judicial proceeding which formed the basis of the district court's decision in United States v. White, supra. Beyond this, petitioner has failed to recognize that the district court's decision was reversed in United States v. White, 853 F.2d 107 (2d Cir. 1988), [5] which held, based upon its earlier decision in Estate of Smith v. Commissioner, 510 F.2d 479 (2d Cir. 1975) (cited as Lowe v. Commissioner at 853 F.2d 114), that the ruling of the Surrogate's Court was not binding. Under the foregoing circumstances, petitioner is remitted to sustaining its burden of proof that the claimed attorney's fees satisfied the statutory requirement for deductibility under section 2053(a)(2). The *687 litmus test for deductibility is that such fees be reasonable. Sec. 20.2053-3(c)(1), Estate Tax Regs. (see note 3, supra); In re Freeman's Estate, 40 A.D. 2d 397, 341 N.Y.S.2d 511 (4th Dept. 1973), affd. 355 N.Y.S.2d 336, 311 N.E.2d 480 (1974); In re Potts' Estate, 213 A.D. 59, 209 N.Y.S. 655, 657 (4th Dept. 1925), affd. 214 N.Y. 593, 150 N.E. 568 (1925); In re Young's Will, 52 Misc.2d 398, 275 N.Y.S.2d 879 (Surr. Ct. Suffolk Cty. 1966). We conclude that petitioner has not carried its burden of proof that it has satisfied this test. In support of this determination, we note the following: (1) Leaving aside the question as to whether Mr. Bianco's affidavit is admissible as evidence, it contains no more than a general description of the work done and an indication of the total number of hours spent and his rate of billing. No supporting time records or other evidence was submitted. Particularly since it appears that little more than the routine handling of a simple estate was involved, Mr. Bianco's affidavit is totally insufficient to sustain petitioner's claim. Matter of Estate of Schaich, 55 A.D.2d 914, 391 N.Y.S.2d 135 (2d Dept. 1977); *688 Estate of Quade, 121 A.D.2d 780, 503 N.Y.S.2d 193 (3d Dept. 1986). See also Matter of Estate of Thron, 139 Misc.2d 1045, 530 N.Y.S.2d 951, 955 (Surr. Ct. Bronx Cty. 1988). (2) The agreement fixing the fee between Mr. Bianco and the executors, of which Mr. Bianco was one, is not determinative. Matter of Estate of Krulish, 130 A.D.2d 959, 516 N.Y.S.2d 149 (4th Dept. 1987); Matter of Lanyi, 147 A.D.2d 644, 538 N.Y.S.2d 183, 186 (2d Dept. 1989); Matter of Estate of Stalbe, 130 Misc.2d 725, 497 N.Y.S.2d 237 (Surr. Ct. Queens Cty. 1985); In re Young's Will, supra.
(3) The fact that Mr. Bianco is an executor and entitled to executor's commissions, which respondent has agreed may be deducted, is an element to be taken into account. It is well established that attorney's fees may not include payment for executional services. Matter of Will of Carlisle, 142 Misc.2d 657, 538 N.Y.S.2d 169, 172 (Surr. Ct. N.Y. Cty. 1989); Estate of Moore, 139 Misc.2d 26, 526 N.Y.S.2d 377, 379 (Surr. Ct. Bronx Cty. 1988); In re Lieberman's Estate, 151 N.Y.S.2d 166 (Surr. Ct. West. Cty. 1956). *689 There is insufficient evidence herein that such an overlap did not exist. In this connection, at least one New York court has suggested that a rule of thumb for determining reasonable attorney's fees is that the combined fees and commissions should equal one and a half times the commissions where the attorney is also a fiduciary. See Estate of Moore, supra.Respondent's allowance of $ 9,200 provides Mr. Bianco with a combined total in excess of this limitation. Finally, we note petitioner's allegation that Mr. Bianco, as attorney for the estate, was subject to undue pressure by an Internal Revenue agent during the audit examination. Not only is the record devoid of any evidence in respect to such allegation, but even if we accept the facts alleged as true, it would not furnish a sufficient basis for looking behind the deficiency notice. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974). We hold that respondent's disallowance of the deduction for attorney's fees is sustained. To reflect the concessions of the parties, including an additional deduction for expenses in respect of this proceeding, Decision will be entered under *690 Rule 155. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the Internal Revenue Code as amended and in effect at the date of decedent's death.↩
2. Sec. 20.2053-3(c), Estate Tax Regs., provides in pertinent part as follows: (c) Attorney's fees. (1) The executor or administrator, in filing the estate tax return, may deduct such an amount of attorney's fees as has actually been paid, or an amount which at the time of filing may reasonably be expected to be paid. If on the final audit of a return the fees claimed have not been awarded by the proper court and paid, the deduction will, nevertheless, be allowed, if the district director is reasonably satisfied that the amount claimed will be paid and that it does not exceed a reasonable remuneration for the services rendered, taking into account the size and character of the estate and the local law and practice. If the deduction is disallowed in whole or in part on final audit, the disallowance will be subject to modification as the facts may later require. * * * ↩
3. Sec. 20.2053-1(b)(2), Estate Tax Regs., provides in pertinent part as follows: (2) Effect of court decree. The decision of a local court as to the amount and allowability under local law of a claim or administration expense will ordinarily be accepted if the court passes upon the facts upon which deductibility depends. If the court does not pass upon those facts, its decree will, of course, not be followed. * * * However, the decree will not necessarily be accepted even though it purports to decide the facts upon which deductibility depends. It must appear that the court actually passed upon the merits of the claim. This will be presumed in all cases of an active and genuine contest. * * *↩
4. See also Estate of DeWitt v. Commissioner, T.C. Memo. 1987-502↩.
5. Although the Supreme Court first granted the petition for certiorari on Feb. 27, 1989, it recently reversed its action and dismissed the petition on Oct. 16, 1989.↩