OPINION OF THE COURT
Allan L. Winick, J.
Defendants Patricia Emma and David Ferguson (hereinafter Fergusons) in this mortgage foreclosure action have asked this *418 court to permanently stay the sale of their house directed to be sold under a judgment of foreclosure as amended by an order dated December 12, 1990.
Plaintiff, Maria Varveris (hereinafter Varveris), loaned $150,000 to Operating Scientists, Inc. Defendants Ferguson personally guaranteed and secured the loan by granting to Varveris a subordinate mortgage on their home in Massapequa, New York. The loan was also personally guaranteed by defendants Abrom and Marion D. Fisher (hereinafter Fishers) and secured by a subordinate mortgage on their home in Stony Brook, New York.
In addition to Operating Scientists, Inc. defaulting in its payments to Varveris, both the Fergusons and the Fishers failed to make the required payments. Plaintiff then commenced an action to foreclose both mortgages and obtained a judgment of foreclosure and sale. This judgment of foreclosure was later amended to provide for the sale of both houses as separate parcels with the sales to occur in Nassau and Suffolk Counties respectively.
The notice of sale provided that the Fergusons’ property was to be sold at 9:00 a.m. on January 22, 1991 and the Fishers’ property was to be sold at 10:30 a.m. However, due to David Ferguson’s filing a chapter 11 bankruptcy petition on the previous afternoon, plaintiff Varveris was stayed from proceeding with the foreclosure sale on the Fergusons’ house. Because there was no stay as to the Fishers’ house, their property was sold at the foreclosure sale.
Varveris received $75,000 from the sale of the Fishers’ house. Because the mortgage debt was in the amount of $237,000, the loan had not been satisfied from the proceeds of the foreclosure sale. After the sale, Varveris failed to move for a deficiency judgment pursuant to RPAPL 1371 (2) within the 90-day period therein provided.
On November 20, 1991, the Bankruptcy Court dismissed the petition filed by David Ferguson and the stay of sale was lifted. The plaintiff scheduled a foreclosure sale of the Fergusons’ house for August 3, 1992, but this sale was cancelled by an order to show cause brought on by the Fergusons a few days prior to the sale. Due to the failure of the Fergusons’ attorney to appear at the hearing as required, this motion was adjourned and ultimately marked off the calendar. This motion was never restored.
Varveris then scheduled a third sale of the Ferguson property to take place on June 1, 1994 and notified the Fergusons. *419 On May 19, 1994, the Fergusons brought another application to stay the sale, based, upon other things, that there was a failure to serve process in the foreclosure action on the Fergusons and the court lacked jurisdiction. On September 16, 1994, Varveris and one Edward Annible (hereinafter Annible) entered into a stipulation in open court through his attorney in which Annible agreed to purchase the judgment of foreclosure on the Fergusons’ house for $85,000 in installments of $50,000 and $35,000.[1] As part of the stipulation, the Fergusons stated that "they withdraw their traverse of service and all other objections to said judgment of foreclosure.” The Fergusons conceded that "They have no defenses, offsets, or counterclaims against the mortgage which is the subject of this foreclosure action nor to the judgments of foreclosure.” However, Annible did not make the first payment of $50,000 by February 15, 1995, its due date, and asked Varveris to amend the agreement, but Varveris refused to do so. The foreclosure sale has been rescheduled for July 19, 1995.
The Fergusons and Annible now ask this court to (1) relieve Annible from his obligations under the stipulation dated September 16, 1994; (2) declare the judgment of foreclosure entered herein as amended by order dated December 12, 1990, to be deemed satisfied and a nullity; (3) relieve the Fergusons from all commitments they made under the stipulation dated September 16, 1994; and (4) permanently enjoin Varveris from taking any action to enforce the judgment of foreclosure herein as amended by order dated December 12, 1990.
Defendants Ferguson cite RPAPL 1371 (3) and Sanders v Palmer (68 NY2d 180) in support of their application. In Sanders, Sanders loaned $35,000 to Journey’s End Construction Corporation and received mortgages on three of said corporation’s properties in Shirley and Mastic, New York, as collateral for the debt. The loan was personally guaranteed by Sanford and Sue Kreisler, principals of the corporation. In addition, Jeanette Palmer guaranteed the loan and secured it by giving a second mortgage on property she owned in Sayville.
After the corporation and Palmer defaulted in their payments on the debt, Sanders sought to foreclose on the property in Shirley, one of the properties covered by the corporate mortgage, and in a separate action, on Palmer’s mortgage. *420 Palmer was also named as a defendant in the first action. Defendants defaulted in appearing in both proceedings. The foreclosure of the corporate property resulted in a Referee’s deed to Sanders. Sanders, however, never made a motion for a deficiency judgment. Sanders then brought a second mortgage foreclosure action in order to sell Palmer’s property. Palmer pleaded an affirmative defense that because Sanders failed to move for a deficiency judgment within 90 days after delivery of the deed to the corporate property, foreclosure of the Sayville property was barred by RPAPL 1371 (3).[2] "When a single debt is secured by a mortgage of property of the corporate debtor and by a mortgage of the separate property of an individual guarantor, the failure to obtain a deficiency judgment after the sale of the corporate debtor’s property in a foreclosure action in which the guarantor is a party defendant bars further action to foreclose the guarantor’s mortgage or on the guarantee.” (RPAPL 1371 [3]; Sanders v Palmer, supra, at 181-182.) In applying this rule to the facts in Sanders (supra), the Court of Appeals held that the Trial Term made the proper decision in dismissing plaintiff’s second action to foreclose the Palmer’s mortgage. The basis for Trial Term’s dismissal of the complaint stemmed from RPAPL 1371 (3). In affirming the Appellate Division’s affirmance of Trial Term, the Court of Appeals in Sanders (supra, at 186-187) stated: "What is required, rather, is that, unless the court orders otherwise, there be separate sales of the security in such order as the court may fix, and an application after each sale and before the next occurs for the determination of the deficiency resulting from the sale * * * Were no deficiency application made after each such sale, a guarantor who has provided security additional to that given by the debtor and who, like the debtor, is entitled to the protection of RPAPL 1371 (3) when no deficiency judgment is obtained * * * would be deprived of that protection.” Even though Sanders did not try to foreclose on Palmer’s mortgage in the first action, Palmer was entitled to protection pursuant to RPAPL 1371 (3) because Palmer was named as a defendant in the first foreclosure action. Consequently, Sanders was precluded from foreclosing on Palmer’s mortgage because the mortgage debt was deemed satisfied on the 91st day after the sale of the first property because of the absence of a motion for a deficiency judgment. Sanders never made such a motion leav *421 ing the Court no choice but to. uphold the dismissal of the action.
In the case at bar, defendants, relying on the holding in Sanders (supra), have asked this court to permanently stay the sale of their home. The question presented to this court is whether the Fergusons’ waiving, in the stipulation, any defenses, offsets, or counterclaims against the mortgage affects the operation of RPAPL 1371 (3) in the instant action. Plaintiff concedes that normally RPAPL 1371 (3) would preclude her from enforcing the judgment of foreclosure against the Fergusons. Varveris argues, however, that due to the waiver of any defenses in the stipulation, the Fergusons cannot now hide behind RPAPL 1371 (3) as an affirmative defense. Consequently, Varveris asks this court to deny the stay and allow the foreclosure sale to proceed.
In the absence of a motion for a deficiency judgment, the mortgage debt was deemed satisfied by operation of law 91 days after the Referee’s deed was delivered with respect to the Fisher home. The mortgage, therefore, was deemed satisfied in 1991 by virtue of the provisions of RPAPL 1371 (3). Varveris as a result no longer had a right to recover any deficiency from the Fergusons. She was barred from enforcing the foreclosure sale of the Fergusons’ home. In essence, the enforcement of the judgment of foreclosure became a nullity on the 91st day after the sale of the Fishers’ house. The part of the judgment of foreclosure directing the sale, therefore, is to be stayed as a result of the mortgage debt being deemed satisfied.
As for the stipulation made in open court, it has no impact on this court’s decision. Varveris never made a timely motion for a deficiency judgment and, therefore, cannot sell the Fergusons’ property on July 19, 1995. The fact that defendants waived any defense is a moot point because there was never a valid judgment of foreclosure to enforce at the time of waiver. In essence, the Fergusons waived a nonexistent defense.
A stipulation is a contract between the parties, and as such is subject to the rules governing contracts, including the general principles governing construction and enforcement. (105 NY Jur 2d, Trial, § 232.) Therefore, when all of the elements needed to form a contract are included in a written stipulation, the stipulation constitutes an enforceable contract. (Matter of Pinsley v Pinsley, 168 AD2d 863 [3d Dept 1990]; Matter of Quake, 121 AD2d 780 [3d Dept 1986].) However, should a stipulation lack consideration, it is deemed an unenforceable contract. (Dougherty v Salt, 227 NY 200, 202.)
*422 In the case at bar, the stipulation entered into by the parties may prove to be unenforceable because it lacked consideration. Annible agreed to purchase the judgment of foreclosure for $85,000, but, in actuality, he agreed to purchase nothing because at the time of the stipulation the judgment of foreclosure was already deemed satisfied by operation of law. Perhaps Annible should have looked inside the bag he was purchasing before he entered into the agreement or been advised of the value of what he was buying. Because Varveris did not have an enforceable judgment of foreclosure, there could be no exchange of promises.
Furthermore, the stipulation appears to result from a mistake of law and, thus, cannot be upheld. "Where there is a mistake as to the character of an instrument * * * which relates to its existence as a contract * * * there is no mutual assent. If such a mistake occurs, whether induced by fraud or without it, no contract is formed.” (Gantell v Friedmann, 197 NYS2d 605, 607; Whipple v Brown Bros. Co., 225 NY 237.) In the case at bar, the stipulation contained a mistake of law because the parties to the stipulation failed to consider the effect of RPAPL 1371 (3) on the judgment of foreclosure of the Fergusons’ house. The mistake was that the parties thought the judgment of foreclosure still existed, but, in actuality, it did not because the mortgage debt was deemed satisfied 91 days after the foreclosure sale of the Fishers’ house. This court believes that no contract was formed when the parties entered into the stipulation. Due to the mistake of law contained therein, it was not possible for there to be a meeting of the minds.
The instant motion, however, is not the proper vehicle for this determination. Within the confines of the foreclosure proceeding it is inappropriate for this court to decide the effect of the stipulation as a contract, except to the extent that the waiver contained in the stipulation is not to be given effect. Further, Mr. Annible is not a party to the foreclosure action.
In conclusion, the direction to sell the Ferguson property in the judgment of foreclosure must be vacated. The mortgage debt is deemed satisfied. Varveris cannot enforce the judgment of foreclosure on the Fergusons’ house and sell the property, nor can Annible or any purchaser of the mortgage. Therefore, the sale scheduled for July 19, 1995 is stayed.

. Up to this point, Mr. Annible’s name had not entered this case. He was not a named defendant and did not appear in court when the stipulation was made. It can only be inferred that the Fergusons’ attorney also represented Mr. Annible.

. RPAPL 1371 (3) provides: “If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.”